IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHEILA C. MCCOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 13-394-SLR |
| | ) |
| RON GONZALES | ) |
| and TOM CHAWLUK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this ᶿᵗ day of May, 2013, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the (1) claims against Ron Gonzales and Tom Chawluk are dismissed for failure to state a claim upon which relief may be granted to 28 U.S.C. § 1915(e)(2)(B)(i); and (2) plaintiff is given leave to amend, for the reasons that follow:

1. **Background**.  Plaintiff proceeds pro se and has been granted leave to proceed in forma pauperis.  She claims employment discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5, and names as defendants Ron Gonzales ("Gonzales")and Tom Chawluk ("Chawluk") of Amtrak. Plaintiff alleges that she was suspended without due process on the grounds of being medically disqualified.  It may be that plaintiff also attempts to raise a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.  Attached to the complaint is a right to sue letter from the Equal Employment Opportunity Commission indicating that copies were sent to Amtrak, Martin M. Bodtman, and EEO Compliance Manager.  (D.I. 2)

2. **Standard of review**. This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, her pleading is liberally construed and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a

2

claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has

---

[1]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion**. The individual defendants cannot be held liable under Title VII or the ADA. *See N'Jai v. Floyd*, 386 F. App'x 141, 144 (3d Cir. 2010) (unreported); *see also Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996) (en banc) (holding that individual employees are not liable under Title VII); *Koslow v. Pennsylvania*, 302 F.3d 161, 178 (3d Cir. 2002) (noting that "there appears to be no individual liability for damages under Title I of the ADA").

7. **Conclusion**. The claims against individual defendants Gonzales and Chawluk are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) (B). Since it appears plausible that plaintiff may be able to articulate a claim against alternative defendants, she will be given an opportunity to amend her claims. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (not published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption"). The amended complaint shall be filed within thirty (30) days from the date of this memorandum order. If an amended complaint is not filed within that time-frame, the case will be closed.

UNITED STATES DISTRICT JUDGE

4